## BANK OF PICHER v. MOXLEY.

No. 17494—Opinion Filed Dec. 21, 1926.

Rehearing Denied April 5, 1927.

### Appeal and Error—Questions of Fact—Review in Law Action.

Where the decisive issue in a law action is one of fact, and is submitted to the court, the judgment of the trial court will not be disturbed on appeal, if there is evidence reasonably tending to support same.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by N. W. Moxley against the Bank of Picher. From the judgment, the latter appeals. Affirmed.

J. G. Austin, for plaintiff in error.

Jesse A. Harp and M. A. Dodd, for defendant in error.

Opinion by JONES, C. This action was originally instituted in the justice of the

peace court for Quapaw township, Ottawa county, by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover the sum of $131.50, evidenced by a certain check duly executed by the plaintiff and presented to the defendant bank for payment, which was refused.

The plaintiff alleges in his bill of particulars that in February, 1924, he deposited in the defendant bank in the city of Picher in said county the sum of $531.50, that he had procured said sum of money by reason of a certain transaction had for and on behalf of one T. L. Rogers, and that the amount represented by the check, to wit, $131.50, was his commission in said transaction, and that the residue, to wit, $400, was deposited by him and held in his name as a trust fund for the benefit of the said Rogers. Plaintiff further alleges that the defendant refused to pay said check, and falsely claimed that the plaintiff was indebted to the defendant, which the plaintiff denies.

An appeal was prosecuted from the result of the trial had before the justice of the peace court to the district court of Ottawa county, and a trial de novo was had, which resulted in judgment for the plaintiff and against defendant. In the district court, the defendant filed an answer wherein it was averred that, as alleged by the plaintiff, there was a deposit in the sum of $531.50 placed in the defendant bank in the name of the plaintiff, N. W. Moxley, and that on said date, to wit, February 13. 1924, the plaintiff was indebted to said defendant upon a certain note then due and owing in a greater sum than the amount of said deposit, and that the defendant bank applied the deposit upon the indebtedness owing by plaintiff to the defendant.

Upon the issues thus joined the case was submitted to the trial court, apparently upon the theory that there had been an oral agreement entered into whereby the appellee. Moxley, had been released from liability on the note held by the bank, and upon which credit was given for the amount of the deposit, and it is disclosed by the evidence offered in the trial of the case that in about 1920 the appellee, Moxley, together with some 12 or 15 persons were engaged in the operation of a theatre, and that the various parties executed their note to the Bank of Tar River, which institution seems to have failed and its assets taken over by a new bank organization, the Bank of Picher, the appellant here, at some time subsequent to the execution of the note here sued on, which seems to have been executed in about

July, 1920, which was a renewal of a former note given by all of the parties interested in the theatre.

The evidence discloses that from time to time different members of the theatre concern would dispose of their interest to the remaining partners, and be released from further liability upon the note given to the Bank of Tar River, and from time to time, as the note would be renewed, certain names would be dropped, until at the time of the giving the last note, the one here in controversy, it was signed by Messrs. Hadley, Webb, Reynolds and Harp, and was indorsed on the back by the appellee Moxley, and at about this time the parties executing the note entered into a written agreement with Moxley and one other party releasing them from further liability in consideration of an assignment or conveyance of their interest in the theatre to the former partners who executed the note here in question. This agreement was brought to the knowledge of the cashier of the Bank of Tar River, who seems to have acquiesced in the transaction, and as the defendant, Moxley, claims, released the said Moxley from further liability. At the time of the execution of the note heretofore referred to a mortgage was duly executed upon the theatre building and fixtures to secure same, and it appears that subsequent thereto a suit was instituted wherein the four partners whose names appear upon the face of the note as principals were named as defendants, but for some reason the case was not prosecuted and thereafter dismissed. It further appears that by some kind of a mutual agreement the mortgage was foreclosed by a sale of the property; the appellee, Moxley, acted as the agent of the bank and negotiated the sale. Partial payments were made on the note during the interval of time subsequent to the execution of same, and prior to the institution of this suit in 1924 by the parties executing same, but so far as the record discloses Moxley paid no further attention to the matter and was never called upon to make any payment or to renew said note. The appellant, Bank of Picher, evidently received and became the owner of the note in question after maturity and made no contention to being an innocent purchaser.

At the beginning of the trial counsel for appellee, Moxley, plaintiff in the trial court, made a statement of plaintiff's case, stating the facts about as was disclosed by the evidence as heretofore stated, and all of the evidence offered by plaintiff and defendant goes to the question of whether or not the agreement was made as contended by plain-

tiff, and apparently relied upon the theory that if such an agreement was entered into, that the appellee, Moxley, would not be liable.

Upon the conclusion of the testimony, the case having been tried before the court without the intervention of a jury, the defendant moved for judgment, which was overruled and judgment rendered for the plaintiff for the amount sued for. All of the parties concerned and who are principals upon said note were called as witnesses, and testified substantially to the agreement as contended for by plaintiff, Moxley, and there is no positive denial of this contention by the witness John L. Stauffer, the only witness called in behalf of defendant, who was an officer of the appellant, Bank of Picher, and had no knowledge of the transaction which took place between the plaintiff and the witnesses and the defunct Bank of Tar River, and upon the evidence as adduced at the trial, the court found in favor of the plaintiff, and in view of the manner in which the case was presented to and tried by the court, we think there is but one question for this court to determine, and that is whether or not there was evidence tending to support the judgment of the trial court, and from a careful examination of the record we are inclined to the opinion that there is ample evidence to sustain the judgment, and the same is therefore affirmed.

By the Court: It is so ordered.

Note—See 4 C. J. p. 879, §2853; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 80; 6 R. C. L. Supp. p. 73.